XUE PAO LIN, Petitioner,

v.

Peter D. KEISLER, Acting U.S.

Attorney General,[1]
Respondent.

No. 07–0451–ag.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2007.

Xue Pao Lin, New York, NY, Pro Se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Judges.

## SUMMARY ORDER

Xue Pao Lin, a native and citizen of the People's Republic of China, seeks review of a January 10, 2007, order of the BIA denying his motion to reopen. *In re Xue Pao Lin*, No. A73 133 241 (B.I.A. Jan. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen, as it properly found that he failed to establish an exception to the time limit for such motions. Here, it is undisputed that Lin's motion to reopen was untimely. While Lin argues that he is exempt from the filing deadline under the BIA's decision in *In re X–G–W–*, 22 I. & N. Dec. 71 (B.I.A. 1998), the BIA properly found that argument unavailing, based on its subsequent decision in *In re G–C–L–*, 23 I. & N. Dec. 359, 362 (B.I.A. 2002). In that case, the BIA withdrew from its policy of granting untimely motions to reopen by applicants claiming eligibility for asylum based solely on coercive population control policies, effective 90 days from the date of that decision, which was issued in April 2002. *Id.* at 361. The BIA held that, thereafter, motions to reopen "based solely on coercive population control policies" would be subject to the time and numerical limitations, with their concomitant exceptions, set forth in the regulations. *Id.* at 361–62.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Therefore, Lin's reliance on *In re X–G–W* is misplaced.

The BIA also properly found that Lin did not establish that he qualified for an exception to the time limitation for motions to reopen. As Lin argues, this time limitation does not apply if the motion to reopen is based on "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Lin argues that the births of his two children are changed circumstances that qualify him for this exception. This argument is unavailing. As the BIA properly found, the births of Lin's children in the United States constituted a change in Lin's personal circumstances, not changed circumstances arising in his country of nationality. *See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003) (finding that the births of two children in the United States was not a changed circumstance establishing an exception to the time and numerical limitations for motions to reopen).

Nor did Lin establish changed country conditions in China. Lin argues that his case should be remanded pursuant to this Court's holdings in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006) and *Tian Ming Lin v. Gonzales,* 473 F.3d 48 (2d Cir.2007), so that the BIA may determine whether certain documents not presented to the Board with Lin's motion to reopen indicate a policy in Fujian Province of forced sterilization of Chinese nationals with two or more children. However, in *Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007), we held that we would not remand cases where "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *Id.* at 262.

Here, Lin claims that he is from Fuzhou City in Fujian Province, but he has not submitted any evidence to show that persons from that area are forcibly sterilized if they have two or more children. The BIA and this Court have found the affidavit of John Aird insufficient to demonstrate that the Chinese government enforces a policy of forced sterilization in Fujian Province. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006). The other documents submitted by Lin provide accounts of Chinese women being forced to abort their second pregnancies in the 1990s and the BIA did not abuse its discretion in finding that they too are minimally probative of current policy regarding forced sterilization in Fujian Province.

Lin argues that, notwithstanding the filing deadline for motions to reopen, he may yet apply for asylum on the basis of the births of his children in the United States because under 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(4), he "has a legitimate right to request permission from the Attorney General to re-apply [for] asylum if he could show changed circumstances materially 'affecting the applicant's eligibility for asylum.'"

As Lin has not filed a successive asylum application, the question of his right to do so is not properly before us. We therefore do not reach it.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).